IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| **JOSEPH NOTARO** <br> 569 Rita Drive <br> Odenton, MD 21113 <br> Anne Arundel County <br> Plaintiff, <br><br> v. <br><br> **CHESAPEAKE SPRINKLER COMPANY, INC.** <br> 1913-B Betson Court <br> Odenton, MD 21208 <br><br> <u>Serve on Resident Agent:</u> <br> Csc-Lawyers Incorporating Service Company <br> 7 St. Paul Street - Suite 820 <br> Baltimore, MD 21202 <br> Defendant. | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * | Civil Action No.:_____ <br><br><br> **Jury Trial Requested** |

# COMPLAINT

Plaintiff, Joseph Notaro, respectfully submits this Complaint alleging that Defendant, Chesapeake Sprinkler Company, Inc., violated the federal Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2615 *et seq.*, interfering with his rights under the FMLA and terminating Mr. Notaro when he had a serious health condition.

**PLAINTIFF:**

1. Mr. Notaro is an adult citizen and resides in Anne Arundel County, Maryland.

2. Pursuant to the FMLA, Mr. Notaro institutes this individual action for actual damages, liquidated damages, statutory penalties, attorney's fees and the costs of this action against Defendant.

3. Mr. Notaro was an "employee" of the Defendant within the meaning of the FMLA, 29 U.S.C. § 2611.

4. Mr. Notaro was hired by Defendant as a project foreman on August 27, 2011.

5. Mr. Notaro was a full time employee and worked at least 1250 hours for Defendant in the last 12 months of his employment with Defendant.

6. Mr. Notaro had a hernia that required surgery.

7. Mr. Notaro's hernia qualified as a serious health condition as defined by 29 CFR § 825.113.

**DEFENDANT:**

8. Defendant employed Mr. Notaro as a project foreman

9. Defendant is a for-profit corporation, incorporated in the State of Maryland.

10. Defendant was approved for a Paycheck Protection Program "PPP" loan on April 14, 2020.

11. Defendant reported 145 employees for its PPP loan.

12. At all times, Defendant has employed over 50 employees.

13. Defendant is an employer within the meaning of the term of the FMLA, 29 U.S.C. §2611(4)(A)(i)-(ii).

14. Defendant is subject to the FMLA.

**FACTS RELATING TO FMLA VIOLATIONS:**

15. On August 13, 2022, Mr. Notaro told his direct supervisor, Dave Walters, that he was going in for a consultation with his doctor on the following Monday, August 15, 2022, to discuss surgery on Mr. Notaro's hernia.

16. The surgery was required to address scar tissue and complications caused by a previous hernia surgery.

17. During the conversation on August 13, 2022, Mr. Notaro told Mr. Walters that the surgery was not scheduled yet, but he wanted to put the Defendant on notice that it was going to occur, and Mr. Notaro would need time off to recover.

18. At the time, Mr. Notaro believed he would be out between two to four weeks to recover.

19. On August 15, 2022, Mr. Notaro sent Mr. Walters a text message informing him that he had an appointment with a surgeon on August 23, 2022.

20. On August 17, 2022, Mr. Walter approached Mr. Notaro at work and showed him a stack of papers and Mr. Waters stated that the papers were Mr. Notaro's past medical absences.

21. Mr. Walters then fired Mr. Notaro, stating that Mr. Notaro had had too many medical absences.

22. Although Mr. Notaro provided Defendant with sufficient notice to alert Defendant that the FMLA applied to Mr. Notaro's upcoming surgery and required leave, Defendant failed to inquire further to ascertain whether Mr. Notaro was seeking FMLA leave or to obtain further details of the leave.

23. Defendant never inquired about how long Mr. Notaro would be incapacitated due to his serious health condition.

24. Defendant never requested that Mr. Notaro provide any medical certifications or information about his serious health condition from his doctor.

25. Mr. Notaro's injury was a serious health condition, as defined by 29 C.F.R. § 825.115 because he required surgery and believed he needed between two to four weeks to recover.

26. As of August 17, 2022, Mr. Notaro had worked over 1250 hours in the previous 12 months.

27. The table below shows Mr. Notaros hours worked for the 12 months prior to his termination:

| Pay Week Start | Pay Week End | Weekly Hours Worked |
|---|---|---|
| 8/16/2021 | 8/22/2021 | 30.25 |
| 8/23/2021 | 8/29/2021 | 4 |
| 8/30/2021 | 9/5/2021 | 35.25 |
| 9/6/2021 | 9/12/2021 | 24 |
| 9/13/2021 | 9/19/2021 | 22.5 |
| 9/20/2021 | 9/26/2021 | 32.5 |
| 9/27/2021 | 10/3/2021 | 39 |
| 10/4/2021 | 10/10/2021 | 33.75 |
| 10/11/2021 | 10/17/2021 | 27.75 |
| 10/18/2021 | 10/24/2021 | 33.5 |
| 10/25/2021 | 10/31/2021 | 35.25 |
| 11/1/2021 | 11/7/2021 | 39.75 |
| 11/8/2021 | 11/14/2021 | 34 |
| 11/15/2021 | 11/21/2021 | 26.5 |
| 11/22/2021 | 11/28/2021 | 15.75 |
| 11/29/2021 | 12/5/2021 | 39 |
| 12/6/2021 | 12/12/2021 | 24.25 |
| 12/13/2021 | 12/19/2021 | 38.75 |
| 12/20/2021 | 12/26/2021 | 28.25 |
| 12/27/2021 | 1/2/2022 | 6.75 |
| 1/3/2022 | 1/9/2022 | |
| 1/10/2022 | 1/16/2022 | 39.75 |
| 1/17/2022 | 1/23/2022 | 0.5 |
| 1/24/2022 | 1/30/2022 | 41.25 |
| 1/31/2022 | 2/6/2022 | 40.25 |
| 2/7/2022 | 2/13/2022 | 39 |
| 2/14/2022 | 2/20/2022 | 35.5 |
| 2/21/2022 | 2/27/2022 | 18.5 |
| 2/28/2022 | 3/6/2022 | |
| 3/7/2022 | 3/13/2022 | |
| 3/14/2022 | 3/20/2022 | |
| 3/21/2022 | 3/27/2022 | |
| 3/28/2022 | 4/3/2022 | |
| 4/4/2022 | 4/10/2022 | |
| 4/11/2022 | 4/17/2022 | |

| | | |
|---|---|---|
| 4/18/2022 | 4/24/2022 | 40 |
| 4/25/2022 | 5/1/2022 | 41.25 |
| 5/2/2022 | 5/8/2022 | 38.75 |
| 5/9/2022 | 5/15/2022 | 32 |
| 5/16/2022 | 5/22/2022 | 35.75 |
| 5/23/2022 | 5/29/2022 | 39.5 |
| 5/30/2022 | 6/5/2022 | |
| 6/6/2022 | 6/12/2022 | 15.5 |
| 6/13/2022 | 6/19/2022 | 25 |
| 6/20/2022 | 6/26/2022 | 38.25 |
| 6/27/2022 | 7/3/2022 | 19.75 |
| 7/4/2022 | 7/10/2022 | 15.25 |
| 7/11/2022 | 7/17/2022 | 38.5 |
| 7/18/2022 | 7/24/2022 | 31.75 |
| 7/25/2022 | 7/31/2022 | 22 |
| 8/1/2022 | 8/7/2022 | 39 |
| 8/8/2022 | 8/14/2022 | 25.5 |
| 8/15/2022 | 8/21/2022 | 12 |
| | | 1295.25 |

28. The hours worked on the table above were obtained from Mr. Notaro's paystubs from Defendant.

29. The table only includes Mr. Notaro's hours worked. It does not include vacation, holiday, or PTO time.

30. Although Defendant had sufficient information to reasonably determine whether the FMLA applied to Mr. Notaro's request for leave, Defendant never notified Mr. Notaro of his eligibility to take FMLA leave.

31. Defendant also never inquired about the severity of Mr. Notaro's condition and never requested that Mr. Notaro provide any information about his condition from a medical professional.

32. Defendant' failure to notify Mr. Notaro of his eligibility to take FMLA leave constitutes interference with Mr. Notaro's FMLA rights.

33. Defendant' failure to inquire further to ascertain whether Mr. Notaro's was seeking FMLA leave or to obtain further details of the leave constitutes interference with Mr. Notaro's FMLA rights.

34. Defendant' termination of Mr. Notaro, within days of providing Defendant sufficient notice that Mr. Notaro would need leave in the near future to recovery from surgery was in retaliation for Mr. Notaro's attempt to exercise his rights under the FMLA.

35. Defendant willfully violated the FMLA by failing to notify Mr. Notaro of his eligibility to take FMLA leave, failing to inquire further to ascertain whether Mr. Notaro was seeking FMLA leave, and terminating his employment within days of his attempt to exercise his rights under the FMLA by notifying the Defendant he would need leave for surgery.

36. Defendant's violations of Mr. Notaro's FMLA rights were not done in good faith and Defendant did not have reasonable grounds for believing that its acts or omissions were not a violation of § 2615 of the FMLA.

## JURISDICTION & VENUE

41. The jurisdiction of this Court is invoked due to the asserted violation of a federal statute and pursuant to 29 U.S.C. § 2617.

42. Venue is appropriate in this jurisdiction based upon the occurrence of the unlawful events, central to this lawsuit, within this District in the State of Maryland.

## VIOLATIONS OF THE LAW

### COUNT I – FMLA VIOLATION: INTERFERENCE, UNDER 29 U.S.C. § 2612(A)(D)

43. All allegations of the Complaint are expressly incorporated herein.

44. Mr. Notaro's hernia constituted a serious health condition requiring continuing treatment as defined by 29 C.F.R. § 825.115.

45. Mr. Notaro's provided sufficient information for Defendant to reasonably determine that the FMLA applied to Mr. Notaro's leave request.

46. Defendant interfered with Mr. Notaro's FMLA right to take FMLA leave, under FMLA, 29 USC § 2612(a)(D), in violation of Section 2615(a)(1) by, (1) failing to inquire further to ascertain whether Mr. Notaro was seeking FMLA leave or to obtain further details of the leave, (2) failing to inform him that his request for leave was covered by the FMLA, and (3) terminating Mr. Notaro four days after learning of his serious health condition.

37. Defendant's violations of Mr. Notaro's FMLA rights were willful and were not done in good faith and Defendant did not have reasonable grounds for believing that their acts or omissions were not a violation of § 2615 of the FMLA.

47. Relief requested – Mr. Notaro requests that: (a) Defendant be ordered to pay him for lost wages and benefits; (b) he be awarded pre- and post-judgment interest; (c) he be awarded liquidated damages; (d) he be awarded reasonable attorney's fees and costs; and (e) he be equitably awarded reinstatement, and, if not provided, front pay.

**COUNT II - FMLA RETALIATION, UNDER 29 U.S.C. § 2615(A)(2)**

48. All allegations of this Complaint are incorporated fully in this Count.

49. Defendant intentionally fired Mr. Notaro only four days after receiving notice that Mr. Notaro would require FMLA leave.

50. Mr. Notaro provided sufficient information for Defendant to reasonably determine that the FMLA applied to Mr. Notaro's leave request and that he was attempting to exercise his rights under the FMLA.

51. Defendant intentionally fired Mr. Notaro in retaliation for attempting to exercise his rights under the FMLA.

52. Defendant unlawfully retaliated against Mr. Notaro in violation of the FMLA.

53. Defendant's termination of Mr. Notaro cost him lost wages and benefits.

54. Mr. Notaro requests that: (a) Defendant be ordered to pay him for lost wages and benefits; (b) he be awarded pre- and post-judgment interest; (c) she be awarded liquidated damages; (d) he be awarded reasonable attorney's fees and costs; and (e) he be equitably awarded reinstatement and, if not provided, front pay.

Respectfully submitted,

Stephen B. Lebau  #07258
Lebau & Neuworth, LLC
606 Baltimore Avenue – Suite 201
Towson, Maryland 21204
T: 443.273.1200
F: 410.296.8660
sl@joblaws.net

Devan M. Wang #30211
Lebau & Neuworth, LLC
606 Baltimore Avenue - 201
Towson, Maryland 21204
T: 443.273.1207
F: 410.296.8660
dw@joblaws.net

*Attorneys for Plaintiff*

## REQUEST FOR JURY TRIAL

Plaintiff requests that a jury of his peers hear and decide his case.

Devan M. Wang #30211

8